**SHANKS VILLAGE RESIDENTS ASSOCIATION, Inc., et al., Appellants,**

v.

**Albert M. COLE, Individually and as Administrator of the Housing and Home Finance Agency, Appellee.**

**No. 12335.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 13, 1954.

Decided Dec. 30, 1954.

Writ of Certiorari Denied April 11, 1955.

See 75 S.Ct. 582.

Mr. Milton W. Carrow, New York City, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of Court, with whom Mr. Henry J. Fox, Washington, D. C., was on the brief, for appellants. Messrs. Robert B. Hirsch and C. Brewster Chapman, Jr., Washington, D. C., entered appearances for appellants.

Mr. John F. Cotter, Atty., Dept. of Justice, Washington, D. C., with whom Mr. Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., was on the brief, for appellee. Messrs. Harold S. Harrison and Roger P. Marquis, Wash-

ington, D. C., entered appearances for appellee.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

Shanks Village is a community converted from military barracks at what was known as Camp Shanks, used as a port of embarkation in World War II. The dwellings were constructed by the Government, pursuant to Title V of the Lanham Act as amended.[1] The project is under the supervision of our appellee, the Administrator of the Housing and Home Finance Agency. The tenants are families of servicemen and veterans. They and their Association are our appellants.

In January, 1954, the Administrator sent each of the tenants in Shanks Village a notice to vacate, setting June 30, 1954, as the final date of occupancy. The tenants brought this suit to enjoin him from proceeding with the eviction. They offered to prove in court that they had offered to prove to him that a particularly acute housing shortage existed in the community, and that they had demanded that he make a finding to that effect, which finding he refused to make. The District Court granted the Administrator judgment on the pleadings and dismissed the complaint. This appeal followed.

The answer to our problem depends upon two sections of the Lanham Act, Sections 313[2] and 604.[3] Section 313 provides in pertinent part:

"Except as otherwise provided in this Act, the Administrator shall, as promptly as may be practicable and in the public interest, remove (by demolition or otherwise) all housing under his jurisdiction which is of a temporary character, * * *. Such removal shall, in any event, be accomplished not later than July 1,

1954, or by such later date as may be required because of extensions of time in accordance with section 604 hereof, with the exception only of such housing as the Administrator, after consultation with local communities, finds is still urgently needed because of a particularly acute housing shortage in the area: *Provided*, That all such exceptions shall be reexamined annually by the Administrator and that all such exceptions and reexaminations shall be reported to the Congress. Notwithstanding any other provisions of law except provisions of law hereafter enacted expressly in limitation hereof, no Federal statute, or regulation thereunder, shall prohibit or restrict any action or proceeding to recover possession of any housing accommodations for the purpose of carrying out the provisions of this section or section 604 of this Act."

Section 604 provides in pertinent part:

"With respect to temporary housing remaining under the jurisdiction of the Administrator on land under his control, the Administrator shall (1) permit vacancies, occurring or continuing after July 1, 1953, to be filled only by transfer of tenants of other accommodations in the same locality being removed as required by this Act; (2) notify, on or before March 31, 1954, all tenants to vacate the premises prior to July 1, 1954; (3) promptly after July 1, 1954, cause actions to be instituted to evict any tenants still remaining; and (4) remove (by demolition or otherwise) all dwelling structures as soon as practicable after they become vacant: * * * And provided further, That nothing heretofore in this section shall apply * * *."

Then follow, in Section 604, four exceptions to its provisions. It is agreed

---

1. 59 Stat. 260 (1945), as amended, 42 U.S. C.A. §§ 1571–1575.
2. 57 Stat. 388 (1943), as amended, 42 U.S. C.A. § 1553.
3. 64 Stat. 59 (1950), as amended, 42 U.S. C.A. § 1584.

that Shanks Village does not fall within any of these exceptions.

The tenants say that Section 313 requires the Administrator to make a finding, if proof is proffered him that a particularly acute housing shortage exists in an area, and that if such a shortage exists he must extend the time for vacation of the public housing. The Administrator says that Section 604 is the applicable provision and that it is peremptory as to notices to vacate, with stated exceptions which are not applicable here. He says this provision required him to issue notices in Shanks Village. He says Section 313 deals with removal of the buildings, not with notices to vacate, and that it deals with such removals as are not directed by Section 604, that is, with the removals excepted by that section. He says, moreover, that Section 313 is not mandatory in respect to acute housing shortages but lodges in him merely a discretionary power where he finds an acute shortage.

We agree with the District Court. We think the requirement in Section 313 in respect to acute housing shortages does not supersede the mandatory provisions of Section 604. Appellants' construction would make all vacation of temporary housing subject to the acute-housing-shortage exception in Section 313 and thus would largely nullify the unqualified mandatory language of Section 604 as to notices to vacate. But both provisions must be given effect if possible, and they both can be given effect by reading Section 313 as applying to the removal of buildings on land not under the control of the Administrator and of buildings on property excepted by the terms of Section 604. This view is confirmed by reference to the legislative history.[4] The Senate Report[5] made the matter quite clear. It said in part:

"This section 313, as amended, would apply to such of the veterans' reuse housing as is not relinquished or transferred to the sponsoring bodies, to housing relinquished or transferred to local agencies subject to removal requirements, and to temporary housing included in the special exceptions to the procedure for vacating and removing housing prescribed in section 604."

Throughout consideration of the bill Congress evinced a strong purpose to eliminate this temporary housing and to get the Government out of the business of maintaining and renting it.

The foregoing makes it unnecessary to consider the remaining questions presented to us. The judgment of the District Court is

Affirmed.

FAHY, Circuit Judge, concurs in the result.

---

4. U.S Cong.Serv., 81st Cong., 2d Sess., p. 2021 et seq., especially pp. 2056–7, 2060–1 (1950).

5. Sen.Rep. No. 1286, 81st Cong., 2d Sess., id. at 2061.